**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

'05 JAN 29 AM 11: 17

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEANDRA ELLIS CLARK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 103-145 |
| ) | (Underlying CR 302-004) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner DeAndra Ellis Clark ("Petitioner") filed the above-captioned case pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED,** that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

### I. BACKGROUND

On April 4, 2002, a federal grand jury returned an indictment charging Petitioner with one count of bank robbery, one count of brandishing a firearm during the commission of a crime of violence, and one count of conspiracy to accomplish the afore-mentioned offenses, in violation of 18 U.S.C. §§ 2113(a) & (d), 924(c), and 371, respectively. CR 302-004, doc. no. 1. On June 19, 2002, Petitioner pled guilty to bank robbery and brandishing a firearm. CR 302-004, doc. no. 28, pp. 8-9. In addition, Petitioner explicitly waived the right to challenge his conviction and sentence by direct appeal or collateral attack. Id. at 7. Finally,

Petitioner explicitly stated in his plea agreement that he "entered this agreement as a matter of [his] free and voluntary choice and not as a result of pressure or intimidation by any person." Id. at 11; see also id. at 13.

At the Rule 11 colloquy following Petitioner's change of plea, the Court explained the consequences of Petitioner's plea, as well as his waiver of his right to an appeal or collateral attack. Rule 11 Tr., pp. 17-19. Upon the Court's inquiry, Petitioner related that he was guilty of the counts charged, and that there were no further facts that should be brought to the Court's attention. Id. at 25. The Court also explained the significance of the waiver at Petitioner's sentencing. Sentencing Tr., p. 14. On September 17, 2002, the Court sentenced Petitioner to 37 months of imprisonment as to the robbery charge and 84 months as to the brandishing charge, to be served consecutively for a total of 121 months of imprisonment. CR 302-004, doc. no. 32.

Petitioner filed no direct appeal, but filed an unsigned and undated § 2255 motion on September 19, 2003. CV 103-145, doc. no. 1. After Petitioner ignored the Clerk's deficiency notice, the Court ordered Petitioner to file "a properly completed amended petition" which would "supercede and replace in its entirety the previous petition filed by Petitioner." CV 103-145, doc. no. 4. On November 4, 2003, Petitioner executed his amended petition. CV 103-145, doc. no. 5.

Petitioner alleged the following grounds for relief in his initial, unsigned petition: 1) he received ineffective assistance of counsel; 2) there was insufficient evidence to support his brandishing conviction; and 3) his sentence was improperly enhanced "for brandishing." CV 103-145, doc. no. 1, pp. 4-6. In his amended petition, Petitioner argues: 1) his counsel

"made [him] waive [his] rights; 2) his counsel never explained to him that his plea agreement contained a waiver of his right to collaterally attack his sentence; 3) the evidence was insufficient to support his brandishing conviction; and 4) his sentence was improperly enhanced "for brandishing." CV 103-145, doc. no. 5, pp. 4-6.

The Government has filed its response--to which Petitioner has made a reply--and the matter is now ripe for resolution. CV 103-145, doc. nos. 8, 10.

## II. DISCUSSION

### A. Petitioner Effectively Waived His Right to Collateral Attack.

A waiver of appeal[1] provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden in the instant case, then Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Although Petitioner has attempted to argue either that his counsel "made [him] waive

---

[1] By "appeal," the Court here refers to the right to "appeal or contest, directly or collaterally, [a] sentence." Bushert, 997 F.2d at 1345.

3

[his] rights" or "never explained" to him that he was waiving his right to collateral attack, these contentions are affirmatively contradicted by the trial record.² CV 103-145, doc. no. 5, pp. 4, 5. As explained above, Petitioner signed a plea agreement expressly waiving his right to appeal and collateral attack, and avowing that he entered into these terms knowingly and voluntarily. In addition to signing and dating this plea agreement, Petitioner initialed and dated each page--thus, he cannot seriously contend that he was unaware of the provisions of the agreement. CR 302-04, doc. no. 28, pp. 1-13. Also as explained above, at both the Rule 11 colloquy and at sentencing, the Court explained to Petitioner the consequences of entering into the plea agreement, including the appeal waiver. Rule 11 Tr., pp. 16-18; Sentencing Tr., p. 14. Petitioner explicitly informed the Court that he understood the plea agreement and the appeal waiver, and averred that he wished to plead guilty.³ Rule 11 Tr. pp. 17-19, 25.

Thus, even if Petitioner's counsel failed to properly explain the significance of the

---

²Any ineffective assistance of counsel claims that do not relate directly to the voluntariness or intelligence of Petitioner's plea are barred by the waiver in his plea agreement. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005)(per curiam); see also Vaca-Ortiz v. United States, 320 F. Supp.2d 1362, 1365-66 (N.D. Ga. 2004).

³To the extent Petitioner may argue that he did not understand the agreement or the proceedings, this too is belied by the record. Upon inquiry at the Rule 11 colloquy, Petitioner told the Court that his ability to understand, read, write, and speak the English language was "[e]xcellent." Rule 11 Tr. p. 5. Petitioner also specifically assured the Court that he had no trouble reading or understanding the plea agreement, and that he had reviewed the document with his attorney. Id. at 5, 8. Petitioner's counsel also explained to the Court that he had "gone over" the plea agreement with Petitioner in detail. Id. at 7. Petitioner also averred at the Rule 11 colloquy that he understood the charges against him and the Government's burden of proof. Id. at 11-12. He then explained that he was guilty of the counts charged, and stated that there were no further facts of which the Court should be aware. Id. at 11. Finally, when given the opportunity to ask any questions, Petitioner stated that he had none. Id. at 15. In sum, Petitioner utterly fails to demonstrate that he was not fully aware of the consequences of his guilty plea, or that he entered into the plea agreement involuntarily.

4

plea agreement and waiver, no prejudice inured to Petitioner because the Court did not fail to do so. Petitioner would have the Court ignore the Rule 11 colloquy; however, "[s]olemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). In light of the record evidence, the threadbare allegations of Petitioner's petition, original or as amended, are insufficient to generate an issue of fact as to the validity of his appeal waiver. It is true that Petitioner requests an evidentiary hearing as to the matter, but the Court is entitled to deny relief without an evidentiary hearing "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Long v. United States, 883 F.2d 966, 968 (11th Cir. 1989); see also Stephens v. United States, 14 F. Supp.2d 1322, 1334 (N.D. Ga. 1998)("A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." (citation omitted)). The Government has made such a showing in this case.

Because the Court determines that the waiver is enforceable and bars the instant proceeding, it need not reach the Government's arguments regarding the timeliness of Petitioner's amended claims or the merits of Petitioner's remaining arguments. Nevertheless, in an abundance of caution, it will do so.

**B.      Amended Claims Not Reflected in the Original Petition Are Untimely.**

Motions under § 2255 are subject to a one-year statute of limitations which begins

5

to run on "the date on which the judgment of conviction becomes final."[4] Petitioner filed no direct appeal, so his conviction became final on September 27, 2002, or ten (10) days after his judgment of conviction, when the time in which to file a direct appeal expired. See Fed. R. App. P. 4(b)(1); Fed. R. App. P. 26(a)(2001).[5] Petitioner's initial, unsigned petition was filed on September 19, 2003, and thus timely, but the amended petition, executed on November 4, 2003, was filed after the period of limitations had expired.

Thus, at issue is whether the amended claims "relate back" to the original, unsigned petition. Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2).[6] Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003)(*per curiam*)(citing Pruit v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001)). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the

---

[4] It is true that, in certain circumstances, the statutory period begins to run on a date other than the date upon which the conviction became final; however, Petitioner has outlined no basis upon which to suppose that any of these circumstances apply in his case. See 28 U.S.C. § 2255.

[5] Because the Court entered Petitioner's judgment of conviction in September 2002, the time in which he could file a direct appeal was governed by the then-existing form of Federal Rule of Appellate Procedure 26, rather than the present version, which became effective December 1, 2002. (The present version, unlike that in operation at the time of Petitioner's conviction, only counts business days in computing the time in which to file an appeal.)

[6] The Federal Rules of Civil Procedure apply to § 2255 proceedings, to the extent that they are not inconsistent with any statutory provision or the Rules Governing Section 2255 Proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings.

6

mere fact that they arose out of the same trial or sentencing proceeding." Farris, 333 F.3d at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002)(*per curiam*). In other words, at issue is whether the amended claim is merely an attempt to "flesh out" an original claim, or if the amended claim relies upon different facts.

The Government argues that Petitioner's amended petition seeks to include new ineffective assistance of counsel claims which cannot relate back to any of the claims in his original petition. The Court agrees. In his original petition, Petitioner argues, in a single run-on sentence which is both vague and conclusory, that his attorney was ineffective:

> [Petitioner] contends counsel provided him ineffective assistance at sentencing and through this proceeding [sic] counsel [sic] performance prejudiced [Petitioner's] defense and this deficient performance passes the two components that are required by Strickland [sic] if not for counsels [sic] deficient performance there is a reasonable probability that if [Petitioner] would have went [sic] to trial no jury would have found him guilty beyond a reasonable doubt that [Petitioner] brandished a firearm or [Petitioner's] plea could have been different.

CV 103-145, doc. no. 1, p. 5.

In contrast, in his amended petition, Petitioner states:

> [Petitioner's] attorney made me waive my rights and he was ineffective throughout the proceeding .... [C]ounsel never explained to him

7

> that he was waiving his Right [sic] to file a 2255 and at the plea hearing [Petitioner] thought he was given [sic] up the right to trial.

CV 103-145, doc. no. 5, pp. 4-5. The Government correctly notes that the original and the amended claims are at once contradictory. In his original petition, Petitioner argued that his counsel was ineffective because Petitioner should have gone to trial because "no jury would have found him guilty." CV 103-145, doc. no. 1, p. 5. In his amended petition, Petitioner argues instead that his counsel did not explain that Petitioner would be waiving the right to collaterally attack his conviction and sentence by entering into the plea agreement. CV 103-145, doc. no. 5, p. 5.

The two claims depend upon different facts. The original claim presents the idea that Petitioner was duped into pleading guilty when he was actually innocent of the brandishing charge; the amended claim argues instead that Petitioner meant to waive his right to trial, but not his right to challenge his conviction and sentence. The Court is not persuaded that the amended claim relates back to the original, as they rely on different and contradicting factual predicates. And, of course, as to the notion that Petitioner did not understand his rights or that his attorney "made" him waive those rights, the Court has already noted that any such claim is contradicted by the plea agreement and the Rule 11 colloquy. Thus, even if timely, the Petitioner's ineffective assistance claims relating to his plea agreement fail.

C.  **None of Petitioner's Claims Have Merit.**

Regardless, even assuming that Petitioner's claims are timely and are not barred by his appeal waiver, none of them have merit. Petitioner's claims regarding his counsel's

failure to ensure that his plea agreement was entered into knowingly and voluntarily cannot prevail in light of the record, as discussed. Petitioner's claims regarding the sufficiency of the evidence and his counsel's failure to advise him to go to trial also fail.

Petitioner admitted to his actual guilt as to the charges, including the brandishing charge, in both the plea agreement and at the Rule 11 colloquy. In addition, as the Government notes, in a successful attempt to obtain an acceptance of responsibility reduction, Petitioner provided the following statement, "During the course of the robbery . . . I carried and brandished a firearm." Presentence Investigation Report ("PSI"), ¶ 17. Petitioner presents no basis in fact whatsoever to conclude that his attorney's performance was deficient in any way or that he is factually innocent of the charges to which he pled guilty. Finally, Petitioner's belief that he received an "enhancement for brandishing" (CV 103-145, doc. no. 1, p. 5; doc. no. 5, p. 5) is mistaken--he did not receive a firearms enhancement, only a consecutive sentence for his § 924(c) conviction. PSI ¶ 20.

In sum, Petitioner pled guilty and waived his right to collaterally attack his conviction and sentence. He has identified no irregularity or error in his criminal proceedings, nor has he offered any facts to support the notion that his counsel's performance was deficient. His petition, original or as amended, should be denied.

### III. CONCLUSION

Because Petitioner validly waived his right to collateral review, his claims are barred from review in this § 2255 proceeding. Regardless, none of his claims have merit. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED**

in favor of the Government.

SO REPORTED and RECOMMENDED this 24th day of May, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Deandra Ellis Clark, Pro-se
Amy Lee Copeland, Esq.

CASE NO: CV103-145

DATE SERVED: May 24, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate